IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EMILY CATHERINE CONROY**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**MICHAEL MEWSHAW, an individual; COUNTERPOINT PRESS, a California corporation; BERNIE SCHEIN, an individual; and SKYHORSE PUBLISHING, INC., a Delaware corporation**,<br><br>　　　　Defendants. | Case No. 3:21-cv-298-SB<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

　　United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on January 18, 2022. Judge Beckerman recommended that this Court deny Defendants Skyhorse Publishing, Inc. and Bernie Schein's (Defendants) anti-SLAPP motion to strike and motion for summary judgment.

　　Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendants object to Judge Beckerman's conclusion that under Rule 56(d) of the Federal Rules of Civil Procedure, Plaintiff should be allowed discovery before responding to Defendants' motion for summary judgment. Defendants also state that *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828 (9th Cir. 2018), only requires that courts apply the Rule 56 standard to anti-SLAPP motions challenging the factual sufficiency of a claim and does not require discovery before deciding all such anti-SLAPP motions. *See* ECF 45, at 3. Defendants, however, do not offer any argument in support of that statement and instead devote the rest of their brief to their objection relating to their summary judgment motion. Thus, it is unclear whether Defendants object to Judge Beckerman's recommendation that the Court deny their anti-SLAPP motion.

Assuming Defendants do object to the denial of their anti-SLAPP motion, the Court agrees with Judge Beckerman. In *Planned Parenthood*, the Ninth Circuit clearly holds:

> [W]hen an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply. But in such a case, discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court.

890 F.3d at 834. Here, the parties have engaged in no discovery. Thus, discovery must be allowed before the Court decides Defendants' anti-SLAPP motion.

With respect to their motion for summary judgment, Defendants argue that the Court should not allow discovery under Rule 56(d) because any discovery cannot create a dispute of fact that the information about Plaintiff disclosed in Defendants' book was private, which is an essential element of her invasion of privacy claim. Plaintiff responds that Defendants conceded in their summary judgment briefing that some of the details about Plaintiff disclosed in Defendants' book were not previously public information. *See* ECF 24, at 13. Further, Plaintiff argues that further discovery would allow her to develop her argument that a genuine issue of fact remains about whether Defendants went to "unreasonable lengths" to disclose Plaintiff's private information after 30 years had passed since any prior disclosure. *See* Restatement (Second) of Torts § 652D cmt. k ("[A] lapse of time is, however, a factor to be considered, with other facts, in determining whether the publicity goes to unreasonable lengths in revealing facts about one who has resumed the private, lawful and unexciting life led by the great bulk of the community."). The Court agrees that discovery could aid Plaintiff's response to Defendants' motion for summary judgment.

Defendants also argue that Plaintiff did not produce evidence in response to their motion for summary judgment showing that Defendants' conduct caused Plaintiff severe emotional distress. Defendants, however, did not make any meaningful argument about causation in its

PAGE 3 – ORDER

motion for summary judgment. It is within this Court's discretion whether to accept new evidence or argument submitted with objections. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (discussing the district court's discretion to consider new arguments raised in objections); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) (rejecting the Fourth Circuit's requirement that a district court *must* consider new arguments raised in objections to a magistrate judge's findings and recommendation); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the circuit split on whether a district court must or may consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district court "has discretion, but is not required" to consider new evidence); *see also* 28 U.S.C. § 636(b)(1) (stating that the district court judge "may also receive further evidence"). The Court declines to consider Defendants' new arguments about the causation element of Plaintiff's intentional infliction of emotional distress claim.

The Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 43. The Court DENIES Defendants' motion for summary judgment and anti-SLAPP motion to strike (ECF 12) without prejudice and with leave to renew after the parties have conducted discovery.

**IT IS SO ORDERED.**

DATED this 1st day of March, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge